# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 E. 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

October 16, 2020

**VIA ECF**

Honorable John G. Koeltl, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 14A
New York, NY 10007

Re:     Rodriguez Perez et al v. Loisaida Enterprises Corporation et al., 1:19-cv-10600 (JGK)

Your Honor:

This office represents Plaintiff Rodriguez Perez ("Plaintiff") in the above referenced matter. Plaintiff writes jointly with Defendants to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

The parties have agreed to a negotiated settlement agreement (the "Agreement") after extensive settlement discussions. Copies of the Agreement, which were executed by the respective parties in counterparts, are attached hereto as Exhibits A-C. The parties reached this Agreement early in discovery, after the sides exchanged discovery demands but before they responded to each other's discovery demands.

Plaintiff alleges that he was employed by Defendants as a superintendent at a lower Manhattan building owned and/or operated by Defendants. Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"). Plaintiff alleges that Defendants engaged in numerous violations of the FLSA and NYLL, including failure to pay appropriate overtime wages and failure to provide statutorily-required wage statements and wage notices.

### I.     The Proposed Settlement is Fair and Reasonable

Under the Agreement, Defendants will pay $55,000.00 to settle all claims. All such funds will be disbursed within throaty days of the Court's approval of the Agreement

Plaintiff alleged that he is entitled to back wages of approximately $25,449.30 from Defendants, and that he is additionally entitled to an equal amount in liquidated damages and pre-judgment interest on the back pay and liquidated damages. Plaintiff further alleged violations of the wage notice and wage statement requirements of New York Labor Sec. 195, entitling him to an additional $10,000.00 in statutory penalties for such violations. Finally, Plaintiff alleged violations of the "anti-kickback" provisions of the FLSA and NYLL resulting in damages of about $830.00. Plaintiff estimates that if he had recovered in full for his claims, exclusive of attorney's

fees, he would be entitled to approximately $66,264.37. A copy of a chart depicting Plaintiff's calculation of damages, breaking down each amount sought from Defendants, is attached hereto as "Exhibit D."

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Significantly, Defendants vigorously contested the number of hours worked by Plaintiff and the amount of pay tendered to Plaintiff. Considering such disputes, Plaintiff's recovery of 83% ($55,000/$66,264.37) of the amount claimed at an early stage of the litigation, before the sides even responded to each other's discovery demands or conducted depositions, is an excellent result for Plaintiff. Further, in this litigation, both sides were represented by experienced counsel, a fact that augurs heavily in favor of approval of the settlement agreement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II.     Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $18, 725.33 from the settlement fund as attorneys' fees and costs. This represents remuneration of the filing fee and costs incurred in service of process upon Defendant plus one-third of the remainder of the recovery in this litigation. This is a reduction in fees from what is identified in Plaintiff's retainer agreements, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

October 16, 2020
Page 3

      Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                                    Respectfully submitted,

                                                    /s/ Jordan Gottheim
                                                    Jordan Gottheim
                                                    MICHAEL FAILLACE & ASSOCIATES, P.C.
                                                    Attorneys for the Plaintiff

Enclosures

cc: Defendant's Counsel (via ECF)