# AGREEMENT AND RELEASE ("AGREEMENT")

Loisaida Enterprises Corporation (d/b/a Loisaida Enterprises Corp.) ("Loisaida"), and William Robles ("Robles") (collectively referred to as "Defendants"), and Conrrado Rodriguez Perez, including his heirs, executors, administrators, successors, and assigns ("Plaintiff") (Loisaida, Robles, and Plaintiff are collectively referred to as "Parties" and individually as a "Party") agree that:

1. **Consideration.** In consideration for signing this Agreement, and complying with the terms and conditions herein, Loisaida agrees to pay Plaintiff a total of Fifty Five Thousand Dollars and No Cents ($55,000.00), as follows:

   a. The sum of Eighteen Thousand One Hundred Thirty-Seven Dollars and Thirty-Three Cents ($18,137.33) will be made payable to "Conrrado Rodriguez Perez" and will be subject to normal withholdings, for which a Form W-2 will be issued to Perez based upon his last W-4 on file with Loisaida.

   b. The sum of Eighteen Thousand One Hundred Thirty-Seven Dollars and Thirty-Four Cents ($18,137.34) will be made payable to "Conrrado Rodriguez Perez" and will not be subject to withholdings, for which a Form 1099 will be issued to Perez.

   c. The sum of Eighteen Thousand Seven Hundred Twenty-Five Dollars and Thirty-Three Cents ($18,725.33) will be made payable to Michael Faillace & Associates, P.C., for attorneys' fees and costs, for which a Form 1099 will be issued to Plaintiff and Michael Faillace & Associates, P.C.

   d. Loisaida agrees to make the payments outlined in Paragraphs 1 a. through 1 c. within thirty (30) calendar days after the Lawsuit (as that term is defined herein) has been dismissed with prejudice.

   e. Loisaida shall, concurrently with its execution of this Agreement, execute the Confession of Judgment attached hereto as Exhibit A. Such Confession of Judgment shall be held in escrow by Plaintiff's counsel and shall not be filed unless and until (a) Loisaida fails to timely, as defined in Paragraph 1(d) above, tender the payments outlined in Paragraph 1(a-c) above; (b) Plaintiff provides notice, as provided for in Paragraph 6 below, to Defendants of such failure; and (c) Loisaida fails to cure the noticed default within twenty days of the provision of notice.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies and/or benefits specified in Paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of Claims**. Plaintiff knowingly and voluntarily releases and forever discharges Loisaida Enterprises Corporation (d/b/a Loisaida Enterprises Corp, its present and former owners, shareholders, affiliates (including, but not limited to, Lower East Side Coalition for Housing Development), subsidiaries, divisions, predecessors, insurers, successors and assigns, and its current and former employees (including, but not limited to, William Robles), attorneys, officers, members, board members, directors and agents thereof, both individually and in their business capacities, and its employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all wage and hour claims, known and unknown, asserted or unasserted, which the Plaintiff has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and their implementing regulations.

4. **Acknowledgments and Affirmations.**

(a) Plaintiff affirms that (a) he has not filed or caused to be filed, and is not presently a party to, any claim against Defendants, except the within lawsuit, filed in the United States District Court for the Southern District of New York, Case No. 19-cv-10600 ("Lawsuit"); (b) this Agreement represents a settlement of a bona fide dispute regarding wages owed and hours worked; and (c) Plaintiff covenants to promptly seek Court approval of this Agreement on the basis that the Agreement is fair and reasonable.

(b) Plaintiff further affirms he has not been retaliated against for reporting any allegations of wrongdoing by Loisaida or its officers or employees (including, but not limited to, William Robles), including any allegations of corporate fraud. Both Defendants and Plaintiff acknowledge that this Agreement does not limit any Party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

5. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to such state's conflict of laws provision. In the event of a breach of any provision of this Agreement, any Party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The parties agree to request that the United States District Court for the Southern District of New York retain jurisdiction over this matter for the purposes of enforcing the provisions of this agreement. In any event, the parties acknowledge the jurisdiction of the Supreme Court of New York, New York County over any action to enforce the provisions of this Agreement.

6. **Notice**

Any and all Notice(s) pursuant to this Agreement, including but not limited to Notices pursuant to Paragraph 1(e) above, shall be deemed provided (a) immediately upon the sending of such notice to the noticed Party's counsel via electronic mail, or (b) three days after the sending of such notice to the counsel of the noticed Party via regular mail. Barring the notification, in the manner prescribed in this paragraph, of a revised address and/or identity of counsel for a Party (including the termination of counsel and such Party's opting to represent himself/itself), such Party shall be deemed to have received notice upon transmission of notice to the following counsels of record at the respective regular and electronic mail addresses:

For Plaintiff

Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
michael@faillacelaw.com

For Losaida:

Alessandro Villanella, Esq.
Jackson Lewis P.C.
58 South Service Road, Suite 250
Melville, NY 11747
Alessandro.Villanella@jacksonlewis.com

For Robles:

Ryan Sestack, Esq.
GORDON REES SCULLY MANSUKHANI
1 Battery Park Plaza, 28th Floor
New York, NY 10004
rsestack@grsm.com

7. **Non-admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8.. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

9. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties.

10. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any Party whose signature appears thereon, and all of which shall together constitute on and the same instrument.

11. **Competency to Waive Claims**. Plaintiff is competent to affect a knowing and voluntary general and unlimited release of all wage claims, as contained herein, and to enter into this Agreement. Plaintiff is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. To the contrary, Plaintiff has a clear and complete understanding of this Agreement. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Releasees from any claims by or relating to Plaintiff.

12. **Neutral Reference**. If Plaintiff seeks employment and if a potential employer of Plaintiff seeks a reference from Loisaida, Loisaida's response will be limited to Plaintiff's dates of employment and job title and informing the inquiring party that it is Loisaida's policy to provide neutral references only.

13. **Disputes; Damages**. In the event of a dispute as to the interpretation, application, or alleged violation of this Agreement, it is understood and agreed that such dispute shall be resolved by a federal or state court of competent jurisdiction. The Parties agree that any such dispute shall be resolved by a judge, not by a jury. Other than as provided for in the Confession of Judgment annexed hereto as Exhibit A, neither Party shall be entitled to an award of compensatory, exemplary, or punitive damages in any dispute that might arise under this Agreement, but the prevailing party in any such dispute shall be entitled to recover such party's reasonable attorneys' fees and costs incurred to enforce the provisions of this Agreement, including but not limited to attorneys' fees incurred in making any application for attorneys' fees.

14. **Execution**.

    (a) The terms of this Agreement are the product of mutual negotiation and compromise between the Parties. Plaintiff has been afforded the opportunity to have the terms of this Agreement explained to him by his counsel. Plaintiff fully understands that this Agreement generally releases, settles, bars and waives any and all wage claims that Plaintiff possibly could have against Releasees. Plaintiff further represents that he is fully satisfied with the advice and counsel provided by Michael Faillace & Associates, P.C.

    (b) Plaintiff also confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Releasees to execute this Agreement and was not caused to sign this Agreement without the opportunity for or actual consultation with counsel; and,

    (c) Plaintiff fully understands the terms of this Agreement and does not require further translation service or other assistance.

**PLAINTIFF AFFIRMS HE HAS CONSULTED WITH MICHAEL FALLAICE & ASSOCIATES, P.C. PRIOR TO SIGNING THIS AGREEMENT.**

4

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES AS OF THE DATE OF HIS EXECUTION OF THIS AGREEMENT.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

**Conrrado Rodriguez Perez**

Dated: ~~August~~ October 2, 2020            *Conrrado Rodriguez P*

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF New York       )

On the 2nd day of ~~August,~~ October 2020, before me, the undersigned notary, Conrrado Rodriguez Perez personally appeared and proved to me, on the basis of satisfactory evidence, established that he is executing this Settlement Agreement and Release. Mr. Perez advised me he is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all wage claims he may have against Releasees. He also confirms his complete understanding of this Agreement and the lack of need of further translation services.

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified In New York County
My Commission Expires January 03, 2021

_____
Signature and Office of individual taking acknowledgment

**Loisaida Enterprises Corporation**

Dated: August __, 2020            By: _____

                                  Title: _____

**William Robles**

Dated: August __, 2020            _____

# EXHIBIT A

5

SUPREME COURT OF THE STATE OF NEW YORK
----------------------------------------x
CONRRADO RODRIGUEZ PEREZ, *individually and on behalf of others similarly situated*,

                     Plaintiffs,

-against-

LOSAIDA ENTERPRISES CORPORATION (D/B/A LOSAIDA ENTERPRISES CORP.) and WILLIAM ROBLES,

                     Defendants.
----------------------------------------x

**AFFIDAVIT OF JUDGMENT BY CONFESSION**

STATE OF NEW YORK  )
                            ss.:
COUNTY OF NEW YORK  )

_____, being duly sworn, deposes and says:

1. I am the _____ of LOSAIDA ENTERPRISES CORPORATION (D/B/A LOSAIDA ENTERPRISES CORP.) ("Losaida"), which corporation was a defendant in an action, in the United States District Court for the Southern District of New York, bearing the same caption as the caption above.
2. Losaida is a New York corporation which maintains places of business within New York County at 241 E 2nd Street, New York, NY 10009 and 738 East 5th Street, New York, NY 10009.
3. Losaida hereby confesses judgment in this court in favor of Plaintiff Conrrado Rodriguez Perez ("Plaintiff"), for the sum of Fifty-Five Thousand Dollars and No Cents ($55,000.00), less any amounts paid by Defendants in compliance with the terms of the Negotiated Settlement & Release Agreement referenced in Paragraph 4 below, and Losaida hereby authorizes Plaintiff or his successors and assigns and all persons acting by, through and in concert with him, to enter judgment for that sum against Losaida.
4. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:
    a. Plaintiffs filed a lawsuit ("the lawsuit") in the United States District Court for the Southern District of New York against Losaida and William Robles (collectively "Defendants"), asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the Complaint;
    b. Defendants denied any wrongdoing;
    c. Plaintiff and Defendants reached an Agreement to settle the lawsuit in return for Losaida's payment of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00)

("the settlement amount") within twenty-one days of the execution of the settlement agreement;

  d. In the event that Losaida fails to pay the settlement amount, or any part of the settlement amount, when due and owing, following notice and opportunity to cure as set forth in Paragraph 1 of the Settlement Agreement, Plaintiffs are entitled to judgment against Losaida in the amount of Fifty Five Thousand Dollars and No Cents ($55,000.00), less any amounts already paid.

5.   This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

LOSAIDA ENTERPRISES CORPORATION (D/B/A LOSAIDA ENTERPRISES CORP.)

By: _____

Print Name: _____

Title: _____

Date: _____

STATE OF NEW YORK )
         ss.:
COUNTY OF _____ )

On the \_\_\_ day of _____, 2020, before me, the undersigned, a Notary Public in and for the State personally appeared _____ , personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed same in his capacity and by that his signature on the instrument, the person or entity upon behalf of which the person acted, executed the instrument.

_____
Notary Public